UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-11021-RGS

MAURICE SEDWELL, LTD.

v.

LAWRENCE P. NOVAK

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

August 24, 2010

STEARNS, D.J.

This is a dispute over money acknowledged to be due and owing by defendant Lawrence P. Novak to plaintiff Maurice Sedwell, Ltd. (Sedwell). Sedwell is a London-based bespoke tailor which supplied Novak with custom-made suits and other clothing. Other than a nominal payment of $7,500.00 against an original balance of $133,580.58, Novak has either tendered Sedwell worthless checks or has refused to pay the debt.

After various attempts at discovery (with which Novak mostly refused to cooperate), Sedwell on August 2, 2010, filed a motion for summary judgment with the required Rule 56.1 statement of supporting facts. See LR, D. Mass. 56.1. Novak did not file an opposition. Consequently, Sedwell's proferrred facts are deemed admitted. See Fed. R. Civ. P. 56(e)(2). See also Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996).

The essential facts as admitted are as follows.

On several occasions in early 2006, the defendant, Lawrence P. Novak, arranged and contracted with the plaintiff to purchase custom, hand-made suits and other clothing.

The agreed upon purchase price of the clothing and tailoring services was $133,580.58.

Pursuant to the parties' agreement, Mr. Ramroop [a Sedwell tailor] made three trips from London to Boston, Massachusetts in 2006 and early 2007 to take the defendant's measurements and to present the defendant with various samples of cloth from which the suits would be made.

\* \* \*

With the exception of several jackets, all of the clothing the defendant ordered was shipped to the defendant, and the defendant took delivery of same.

On December 11, 2006, the defendant made a partial payment to the plaintiff by check in the amount of $7,500.00.

Several other checks which the defendant sent to the plaintiff were returned unpaid for insufficient funds.

There is a balance due to the plaintiff in the amount of $126,080.58, not including interest on the unpaid balance or charges for Mr. Ramroop's travel to and from the United States to service the account.

\* \* \*

Defendant, while acknowledging his contractual obligations to pay plaintiff, has refused to pay the balance of the monies owed.

Pl.'s SOF, Dkt #19 (exhibit references omitted).

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Gaskell v. Harvard Coop. Soc'y, 3 F.3d 495, 497 (1st Cir. 1993), quoting Fed. R. Civ. P. 56(c). "In this context, 'genuine' means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." Rodriguez-Pinto v. Tirado-Delgado, 982 F.2d 34, 38 (1st Cir. 1993).

2

Here the undisputed facts establish the existence of a binding contract and a material breach by Novak of its terms.[1]  The settled rule is that a party wronged by a breach is entitled to receive the benefit of its bargain, that is, to "be placed in the same position as if the contract had been fully performed."  Doering Equip. Co. v. John Deere Co., 61 Mass. App. Ct. 850, 855-856 (2004), quoting from John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 21 (1911).

The remaining issue is the matter of damages.  These cannot be speculative or conjectural.  See IBPO, Local 433 v. Mem'l Press, Inc., 31 Mass. App. Ct. 138, 142-143 (1991).  "[D]amages must be the direct, natural result of the breach, and to have been in the contemplation of the parties when the contract was made as the probable result of such breach."  Greany v. McCormick, 273 Mass. 250, 253 (1930).  See also Town of Hanover v. Cervelli, 66 Mass. App. Ct. 672, 674-675 (2006).  Here, there is nothing left to speculation.  The damages are certain on the face of the contract.  Sedwell is therefore entitled to its damages, plus interest from the date of the demand – which the court determines to have been November 21, 2007.  See Mass. Gen. Laws ch. 231, § 6C.

ORDER

The Clerk will enter judgement for plaintiff Sedwell in the amount of $126, 080.58,

---

[1]A breach is material when the breach is "of an essential and inducing feature of the contract[]."  Buchholz v. Green Bros. Co., 272 Mass. 49, 52 (1930).  A material breach of the contract by one party excuses the other from further performance as a matter of law.  Ward v. Am. Mut. Liab. Ins. Co., 15 Mass. App. Ct. 98, 100-101 (1983).

with statutory interest paid from November 21, 2007, and then close the case.[2]

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[2]The amount of the original contract is adjusted to reflect Novak's one payment of $7,500.00.